◼ In the Matter of RICHARD T. DISTEFANO, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [802 NYS2d 760]—

Per Curiam. Respondent was admitted to practice by this Court in 1986. He maintained an office for the practice of law in the City of Albany.

On August 4, 2005, this Court suspended respondent from practice pending consideration of the instant disciplinary charges (*Matter of DiStefano*, 21 AD3d 640 [2005]).

Now, having granted petitioner's motion for an order that no factual issues are raised by the pleadings and having heard respondent in mitigation, we find respondent guilty of the following professional misconduct as set forth in the petition and as admitted by respondent. In violation of the attorney disciplinary rules (*see* 22 NYCRR part 1200), respondent converted funds he received on behalf of clients and used the funds for personal

purposes (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46 (a)]), commingled personal funds with funds of his clients (*see* DR 9-102 [a] [22 NYCRR 1200.46 (a)]), failed to deposit funds into an IOLA account or an interest bearing account for the benefit of his clients and third parties (*see* Judiciary Law § 497; DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), failed to promptly remit client property (*see* DR 1-102 [a] [5]; DR 9-102 [c] [4] [22 NYCRR 1200.3 (a) (5); 1200.46 (c) (4)]), attempted to mislead and deceive petitioner (*see* DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]), attempted to mislead and deceive his clients (*see* DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]), failed to maintain complete records of his clients' funds (*see* DR 9-102 [c], [d] [22 NYCRR 1200.46 (c), (d)]), failed to produce bank records upon demand by petitioner (*see* DR 9-102 [i] [22 NYCRR 1200.46 (i)]), and failed to cooperate with petitioner in its investigation (*see* DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]).

In mitigation, respondent states that he returned all of the client moneys he converted. Respondent submits numerous letters from clients and attorneys extolling his character and his reputation as an attorney and former Town Justice for the Town of Colonie in Albany County. He expresses remorse for his misconduct. Respondent also cites various personal issues during the relevant period.

In aggravation, petitioner cites respondent's disciplinary record which includes two private letters of caution by petitioner in 2001, a public censure by this Court in 2003 (*Matter of DiStefano*, 309 AD2d 1060 [2003]) and a reciprocal censure by the Commission on Judicial Conduct in 2004.

Under all of the circumstances presented, we conclude that respondent should be suspended from practice for a period of two years effective August 4, 2005.

Mercure, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that respondent is found guilty of professional misconduct as set forth in the petition of charges, except for that portion of Charge III which alleged violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]) and specification 1 of Charge VI, which specification was withdrawn by petitioner; and it is further ordered that respondent is suspended from the practice of law for a period of two years effective August 4, 2005, and until further order of this Court; and it is further ordered that respondent, for the period of suspension, is commanded to continue to desist and refrain from the practice of law in any form, either as principal or as

agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).